JAMES R. PHILLIPS AND CYNTHIA H. PHILLIPS v. INTEGON CORPORA-
TION, INTEGON GENERAL INSURANCE CORPORATION, INTEGON IN-
DEMNITY CORPORATION AND NEW SOUTH INSURANCE COMPANY

No. 8318SC1149

(Filed 18 September 1984)

**Insurance § 79.1; Unfair Competition § 1— unfair rate fixing—action under Unfair Trade Practices Act permitted**

    G.S. Chapter 58 does not provide the exclusive remedy for those damaged by unfair trade practices in the insurance industry, and allegations of unfair fixing of insurance rates should be permitted to be raised under G.S. 75-5 as well.

APPEAL by plaintiff from *Albright, Judge.* Judgment entered 1 August 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 August 1984.

In 1968 plaintiff James R. Phillips and the defendant Integon companies entered into a retrospective agency agreement under which plaintiff brokered nonstandard automobile physical damage insurance for defendants. Plaintiff contends that in the fall of 1980 defendants began competing in the sale of this insurance with the purpose of destroying the business of plaintiff and other competitors. Plaintiff alleges that defendants engaged in anti-competitive acts and practices which had the effect of restraining trade and creating a monopoly in the automobile insurance market. He claims that defendants intended to fix a higher price for the insurance once they had eliminated the competition. Plaintiff alleges that as a result of these practices, his business was damaged.

Plaintiff filed suit under G.S. 75-16, alleging that defendants had violated Chapter 75 and had breached their agency agreement with him. Plaintiff sought damages in the amount of $500,000 for operating losses and $2,500,000 for lost profits, along with attorneys' fees. Defendants moved pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure that the action be dismissed for failure to state a claim upon which relief could be granted.

On 11 July 1983 the trial court dismissed plaintiff's claims based on defendants' alleged violations of G.S. 75-5(b)(3), (4) and

(5). On 12 July 1983, upon ruling that there was no just reason to delay the entry of final judgment, the court certified the judgment for immediate review by appeal. From these proceedings, plaintiff appeals.

*Adams, Kleemeier, Hagan, Hannah and Fouts, by Clinton Eudy, Jr. and Richard D. Ehrhart, for plaintiff appellant.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by William D. Caffrey, Edward L. Murrelle and Richard J. Votta, for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that the claims for relief based on G.S. 75-5(b)(3), (4) and (5) were improperly dismissed. A claim is subject to dismissal upon a Rule 12(b)(6) motion only if it appears to a certainty that there are no facts which, if proved, would entitle the claimant to relief. *Sutton v. Duke*, 277 N.C. 94, 102-03, 176 S.E. 2d 161, 166 (1970). The primary issue on appeal, therefore, is whether it appears to a certainty that there exists no facts which, if proved, would entitle plaintiff to relief against defendants on the basis of their alleged violations of G.S. 75-5(b)(3), (4) and (5). We find that such facts do exist and hold that the trial court improperly dismissed plaintiff's claim.

It appears that, in ordering a dismissal of plaintiff's claim, the trial court agreed with defendants' contention that Chapter 58 is intended to regulate insurance companies exclusively, thereby precluding plaintiff from seeking recourse under Chapter 75.

Section 58-124.23 reads in pertinent part:

(a) No insurer, officer, agent or representative thereof shall knowingly issue or deliver or knowingly permit the issuance or delivery of any policy of insurance in this State which does not conform to the rates, rating plans, classifications, schedules, rules and standards made and filed by the Bureau. . . .

(b) A rate in excess of that promulgated by the Bureau may be charged on any specific risk provided such higher rate is charged with the approval of the Commissioner and with the knowledge and written consent of the insured.

In instituting this action, plaintiff alleged violations of G.S. 75-5(b), which states in part:

> In addition to the other acts declared unlawful by this Chapter, it is unlawful for any person directly or indirectly to do, or to have any contract express or knowingly implied to do, any of the following acts:
>
> . . . .
>
> (3) To willfully destroy or injure, or undertake to destroy or injure, the business of any competitor or business rival in this State with the purpose of attempting to fix the price of any goods when the competition is removed.
>
> (4) While engaged in buying or selling any goods within the State, through himself or together with or through any allied, subsidiary or dependent person, to injure or destroy or undertake to injure or destroy the business of any rival or competitor, by unreasonably raising the price of any goods bought or by unreasonably lowering the price of any goods sold with the purpose of increasing the profit on the business when such rival or competitor is driven out of business, or his business is injured.
>
> (5) While engaged in dealing in goods within this State, at a place where there is competition, to sell such goods at a price lower than is charged by such person for the same thing at another place, when there is not good and sufficient reason on account of transportation or the expense of doing business for charging less at the one place than at the other, or to give away such goods, with a view to injuring the business of another.

Moreover, in part (a), the statute states:

> (1) "Person" includes any person, partnership, association or *corporation*;
>
> (2) "Goods," include goods, wares, merchandise, articles or *other things of value*. (Emphasis added.)

The crux of defendants' argument that Chapter 58 exclusively regulates the insurance industry is their contention that Chapter 75 did not apply historically to insurance claims. Defendants

concede, however, that G.S. 75-1.1 has recently been interpreted to provide a remedy for unfair trade practices in the insurance industry. We believe that allegations of unfair fixing of insurance rates should be permitted to be raised under G.S. 75-5 as well and reject defendants' claim that any expansion of Chapter 75 should be limited only to G.S. 75-1.1. Section 75-1.1 contains a general prohibition of unfair methods of competition and unfair or deceptive practices affecting commerce, while Section 75-5 lists particular acts that constitute unfair or deceptive acts. If a cause of action relating to insurance practices can arise under the first, then surely it also can arise under the second.

In *Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 268 S.E. 2d 271 (1980), this Court held that a plaintiff could recover damages for unfair trade practices in the insurance industry under G.S. 75-1.1. In construing the scope of Section 75-1.1, we found persuasive the rationale expressed in *Ray v. United Family Life Insurance Co.*, 430 F. Supp. 1353 (W.D.N.C. 1977), where a federal court held that Chapter 75 was applicable to the sale of insurance.

In *Ray*, the court rejected the defendants' argument that unfair methods of competition perpetrated by persons engaged in the insurance industry are regulated exclusively by the insurance statutes, G.S. 58-54.1 through 58-54.13. Rather, the court stated, "[t]he very language of the Declaration of Purpose itself reveals that the intent of §§ 58-54.1 *et seq.* is to oust *federal* antitrust regulation of the business of insurance in North Carolina, *not* to exempt that business from other *North Carolina* regulations." 430 F. Supp. at 1356. Although certainly not bound by the decision in *Ray*, we agree that Chapter 58 does not provide the exclusive remedy for those damaged by unfair trade practices in the insurance industry.

Several other factors lead us to this conclusion. First, we find no authority which expressly declares that Chapter 58 is the exclusive vehicle for obtaining relief from those who engage in unfair trade practices in the insurance industry.

Second, G.S. 75-5(b)(3), (4) and (5) address fixing the price of "goods." Goods are defined in the statute to include "other things of value." An insurance policy is a thing of value.

Third, we believe that any conflicts between the statutes can be reconciled. G.S. 75-5 is concerned with protecting competitors from predatory business practices, including the fixing of unreasonably low prices with the purpose of lessening competition. On the other hand, G.S. 58-124.23(b) is concerned with protecting the insurance consumer from excessive rates. In responding to deviations from approved rates, the Commissioner makes no attempt to determine whether the rates are being charged with anticompetitive purpose or effect. His determination is restricted solely to seeing that the rates do not exceed the approved ceiling. For the foregoing reasons, we find that plaintiff has alleged a sufficient claim to recover for unfair trade practices in the insurance industry under G.S. 75-5. The trial court's order dismissing plaintiff's action is, therefore,

Reversed.

Judges WHICHARD and EAGLES concur.