RUSSELL W. BRINKMAN, ET AL., PLAINTIFFS v. BARRETT KAYS & ASSOCIATES, P.A., ET AL., DEFENDANTS

No. COA01-1392

(Filed 21 January 2003)

## 1. Fraud-negligent misrepresentation-waste disposal system— absence of reliance

The trial court did not err by granting summary judgment in favor of defendants on plaintiff homeowners' negligent misrepresentation claim arising out of defendants' alleged misrepresentations to the Department of Environment and Natural Resources to procure the required permits for implementation of their low pressure pipe waste disposal system, because there was no evidence supporting the conclusion that there was actual reliance by plaintiffs upon defendants' statements as required by Restatement of Torts § 552(1).

## 2. Unfair Trade Practices; Environmental Law— no private cause of action for violation of Clean Water Act

The trial court did not err by granting summary judgment in favor of defendants on plaintiff homeowners' unfair and deceptive trade practices claim arising out of defendants' misleading the State to obtain permits for their low pressure pipe waste disposal systems in violation of the Clean Water Act under N.C.G.S. § 143-215.6, because the legislature omitted a private right of action to enforce this statute and specifically created the honesty requirement within the enforcement procedures envisioned.

Appeal by plaintiffs from summary judgment entered 22 March 2001 and order striking affidavits entered 3 May 2001 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 21 August 2002.

*Michaels & Oettinger, P.A., by John A. Michaels and Lewis & Roberts, P.L.L.C., by A. Graham Shirley for plaintiffs-appellants.*

*Newsom, Graham, Hendrick & Kennon, P.A., by Evelyn M. Coman and John C. Rogers, III, for defendants-appellees.*

**BRINKMAN v. BARRETT KAYS & ASSOCS., P.A.**

[155 N.C. App. 738 (2003)]

CAMPBELL, Judge.

Plaintiffs appeal from summary judgment granted against their claims of negligent misrepresentation and violation of the Unfair and Deceptive Trade Practices Act.

Plaintiffs are approximately two hundred homeowners from four subdivisions that originally used a waste removal system designed by defendants Barrett Kays ("Kays"), Barrett Kays & Associates, and Henry Wells ("Wells"). Defendant Tarheel Utility Management, Inc. ("Tarheel Utility") was the original permit holder for three of the subdivisions' waste disposal systems.[1] The systems were designed by Kays, Wells and Barrett Kays & Associates in the mid 1980s and subsequently constructed for use in the four subdivisions. The systems failed in 1996 and thereafter plaintiffs incurred expenses connecting to the city water and sewer system.

The system at issue is a low pressure pipe system which connects an on-lot septic tank effluent pump system to an off-lot collection and disposal system. Through this system waste is pumped from the houses into a community drain-field where the waste is dispersed through perforated pipes for natural treatment by the soil. Plaintiffs alleged defendants made misrepresentations to the Department of Environment & Natural Resources ("the department") to procure the required permits for implementation of their low pressure pipe waste disposal system. Plaintiffs alleged they relied upon the permits and underlying misrepresentations in purchasing their properties and therefore defendants are liable for negligent misrepresentation and violation of the Unfair and Deceptive Trade Practices Act.

Plaintiffs assert the trial court erred by granting defendants' summary judgment motion regarding plaintiffs' claims for negligent misrepresentation and violation of the Unfair and Deceptive Trade Practices Act and granting defendants' motion to strike plaintiffs' affidavits.

Summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (c) (2001). "A summary judgment movant bears the burden of

---

1. Tarheel Utility never acted on these permits, and another corporation subsequently obtained the permits necessary to manage the waste disposal systems.

establishing the lack of any triable issue." *Schmidt v. Breeden*, 134 N.C. App. 248, 251, 517 S.E.2d 171, 174 (1999). "A defendant who moves for summary judgment may meet this burden by showing either that (1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff cannot produce evidence to support an essential element of its claim; or (3) plaintiff cannot surmount an affirmative defense raised in bar of its claim." *Lyles v. City of Charlotte*, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996). "[T]he evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "Since this rule provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971).

## I. Negligent Misrepresentation

**[1]** " '[I]ssues of negligence . . . are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner.' It is only in exceptional negligence cases that summary judgment is appropriate." *Page v. Sloan*, 281 N.C. 697, 706, 190 S.E.2d 189, 194 (1972) (citations omitted). "In negligent misrepresentation cases, 'whether liability accrues is highly fact-dependent, with the question of whether a duty is owed a particular plaintiff being of paramount importance.' As such, summary judgment is seldom appropriate in these types of cases." *Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 350 N.C. 214, 220, 513 S.E.2d 320, 325 (1999) (quoting Logan, *N.C. Torts* § 25.30, at 551).

With the burden upon defendants, we consider whether all essential elements of plaintiffs' claim exist. Generally, "[t]o the extent that plaintiff . . . ha[s] alleged a breach of that duty of due care and that the breach was a proximate cause of their injury, they have stated a cause of action [for negligent misrepresentation]." *Davidson and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 669, 255 S.E.2d 580, 585 (1979).

Plaintiffs assert the right to sue for negligent misrepresentation under *Biddix v. Henredon Furniture Industries*, 76 N.C. App. 30, 331 S.E.2d 717 (1985) and the Restatement Second of Torts § 552 (3) (1977).

In *Biddix*, a private citizen was permitted to sue for violation of the common law torts of continuing trespass of land and nuisance, utilizing the Clean Water Act as the standard of care. In *Biddix*, the Court held "the Clean Water Act does not abrogate the common law civil actions for private nuisance and trespass to land for pollution of waters resulting from violation of a NPDES [National Pollutant Discharge Elimination System] permit." *Biddix*, 76 N.C. App. at 40, 331 S.E.2d at 724. The Court held that plaintiffs have the right to sue *in negligence* for violation of the statute.[2] Here, plaintiffs assert defendants violated the Clean Water Act, and that under *Biddix* they may assert their claim of negligent misrepresentation using the statute as the applicable standard of care.

To assert a claim for negligent misrepresentation, plaintiffs look to the Restatement because "[i]n this State, we have adopted the Restatement 2d [of Torts] definition of negligent misrepresentation." *Driver v. Burlington Aviation, Inc.*, 110 N.C. App. 519, 525, 430 S.E.2d 476, 480 (1993). Restatement 2d § 552 provides:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of per-

2. There is no private right of action under the statute. Enforcement is provided for through criminal penalties in N.C. Gen. Stat. § 143-215.6B (2001), civil penalties assessed by the Secretary of Environment and Natural Resources in N.C. Gen. Stat. § 143-215.6A (2001) and by a suit for injunctive relief brought by the Attorney General of North Carolina pursuant to N.C. Gen. Stat. § 143-215.6C (2001).

sons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

The elements of a claim for negligent misrepresentation are set forth in section (1), while sections (2) and (3) provide requirements for who may assert such a claim. The North Carolina Supreme Court specifically adopted sections (1) and (2) of the Restatement in *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 367 S.E.2d 609 (1988), *rev'd on other grounds*, 329 N.C. 646, 407 S.E.2d 178 (1991). The public duty exception, contained in section (3), has yet to be specifically addressed by our appellate courts. The public duty exception expands the class of potential plaintiffs that may sue for negligent misrepresentation under section (1).

Before addressing whether or not plaintiffs here are within the class of plaintiffs entitled to bring actions for negligent misrepresentation, we address whether the elements of the cause of action, found in section (1), exist in the case at bar. "It has long been held in North Carolina that '[t]he tort of negligent misrepresentation occurs when (1) a party justifiably relies, (2) to his detriment, (3) on information prepared without reasonable care, (4) by one who owed the relying party a duty of care.' " *Simms v. Prudential Life Ins. Co. of. Am.*, 140 N.C. App. 529, 532, 537 S.E.2d 237, 240 (2000), *disc. review denied*, 353 N.C. 381, 547 S.E.2d 18 (2001) (quoting *Raritan*, 322 N.C. at 206, 367 S.E.2d at 612).

The requirement of justifiable reliance is derived from Restatement § 552 (1), providing "liability for pecuniary loss caused to [the plaintiffs] by their justifiable reliance upon the information." The North Carolina Supreme Court held that justifiable reliance requires actual reliance. *Raritan*, 322 N.C. at 206, 367 S.E.2d at 612. Following this directive, North Carolina's Pattern Jury Instructions instruct that for the jury to find defendant guilty of the tort of negligent misrepresentation they must find "that the plaintiff actually relied on the false information supplied by the defendant, and that the plaintiff's reliance was justifiable. Actual reliance is direct reliance upon false information." N.C.P.I.—Civil 800.10 (1992). Therefore, where "there [was] no evidence . . . that defendant did in fact rely upon the information to her harm, . . . summary judgment was proper as to defendant's negligent misrepresentation claim." *Jefferson-Pilot Life Ins. Co. v. Spencer*, 110 N.C. App. 194, 205, 429 S.E.2d 583, 589 (1993), *rev. on other grounds*, 336 N.C. 49, 54, 442 S.E.2d 316, 318 (1994).

There is no evidence in the case at bar supporting the conclusion that there was actual reliance by plaintiffs upon defendants' statements. The statements were made to the department, which relied upon them and issued permits to defendants. Plaintiffs relied upon the department to fully investigate defendants' application for permits. Plaintiffs relied upon the original permits and the re-issuance of the permits to conclude that their waste disposal system was functioning correctly. Finally, upon discovering the misrepresentations, plaintiffs relied upon the Attorney General and the Secretary of Environment and Natural Resources to utilize their powers under the Clean Water Act to enforce the law. However, there is no evidence that plaintiffs relied upon statements made by defendants as required by Restatement § 552 (1).

Plaintiffs contend that the public duty exception contained in Restatement § 552 (3) provides them a cause of action for negligent misrepresentation. Restatement § 552 (3), as well as section (2), delineates the potential plaintiffs eligible to bring a claim under section (1). Since there is no evidence regarding the essential element of reliance required by section (1), we need not address whether plaintiffs would be eligible under section (3) to bring a negligent misrepresentation claim. Defendants have met their burden of proof that there is an essential element of plaintiffs' claim of negligent misrepresentation regarding which there is no genuine issue of material fact and therefore summary judgment was properly granted to defendants.

## II. Unfair and Deceptive Trade Practices

[2] North Carolina provides a private cause of action for persons injured by a violation of the Unfair and Deceptive Trade Practices Act. N.C. Gen. Stat. § 75-16 (2001). Whether defendants have performed the acts asserted by plaintiffs is a question of fact for a jury. *First Atl. Mngmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998). However, in a summary judgment motion, it is a question of law for the court to determine whether the facts, taken in the light most favorable to the party opposing summary judgment, constitute an unfair or deceptive trade practice. *Id.* The elements of an Unfair and Deceptive Trade Practices Act claim are: "(1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business." *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 460-61, 400 S.E.2d 476, 482 (1991).

Plaintiffs assert that by misleading the State to obtain permits for their low pressure pipe systems defendants violated Chapter 143, Article 21 of the North Carolina General Statutes ("Clean Water Act") and committed an unfair and deceptive act in violation of N.C. Gen. Stat. § 75-1.1. Chapter 75 has been utilized to assert a private right of action for unfair practices regulated by other statutes. For example, this Court held that a person may assert a Chapter 75 claim in addition to claims for violation of the Uniform Commercial Code ("U.C.C.") because "[t]he U.C.C. was not specifically designed to regulate the alleged unethical conduct or oppressive practices of banks." *United Virginia Bank v. Air-lift Associates*, 79 N.C. App. 315, 319, 339 S.E.2d 90, 93 (1986). Moreover, in *Phillips v. Integon Corp.*, 70 N.C. App. 440, 319 S.E.2d 673 (1984), the Court determined that Chapter 58, which regulates the insurance industry did not preclude an action under Chapter 75 because "the purpose behind Chapter 58 was to regulate insurance rates and Chapter 58 was not designed to regulate immoral, unethical, or oppressive behavior on the part of insurance companies." *United Virginia Bank*, 79 N.C. App. at 320, 339 S.E.2d at 93. Therefore, the question in this case, is whether the Clean Water Act was designed, in part, to regulate the unfair and deceptive practices of potential polluters.

The Clean Water Act was created to standardize water conservation and pollution abatement. N.C. Gen. Stat. § 143-211 (2001). The State created the Environmental Management Commission, and granted the Commission the power to issue permits signifying compliance with this law, including the actions of defendants here, the implementation of new waste disposal systems. N.C. Gen. Stat. § 143-215.1 (2001). This provision was designed to regulate the behavior of potential polluters, specifically requiring, at the time of the action, that "[a]ny person who knowingly makes any false statement, representation, or certification in any . . . document filed or required to be maintained . . . shall be guilty of a misdemeanor." N.C. Gen. Stat. § 143-215.6(b)(2) (1981).[3] Plaintiffs assert that defendants violated this provision, and since this was a deception, plaintiffs may assert a Chapter 75 claim.

The honesty requirement is excerpted from the enforcement provision of the statute, which, at the time of the defendants' action, provided for enforcement of the statute through civil and criminal penal-

---

3. This requirement is now provided for in N.C. Gen. Stat. § 143-215.6B(i) (2001).

ties and injunctive relief, but not a private right of action.[4] N.C. Gen. Stat. § 143-215.6 (1981). Plaintiffs seek to create a private right of action in the Clean Water Act by importing Chapter 75 and asserting a Chapter 75 claim to enforce the statutory provision. *Id.* However, the legislature omitted a private right of action to enforce this statute, and specifically created the honesty requirement within the enforcement procedures provision.

We note that plaintiffs' attempts to assert a private right of action in this case are different from plaintiff's assertion of common law tort claims in *Biddix*. In *Biddix*, the Court held that the statute did not preempt common law actions for nuisance and continuing trespass where there was pollution in excess of the permitted amount. First, "statutes in abrogation of the common law are strictly construed." *Biddix*, 76 N.C. App. 34, 331 S.E.2d. at 720. Moreover, "the issue of whether the common law civil actions of nuisance and trespass to land have been abrogated for permitted industrial waste discharges proximately damaging real property [wa]s not before us." *Biddix*, 76 N.C. App. at 33, 331 S.E.2d. at 719. In this case, we are not faced with common law claims, but rather whether Chapter 75 was intended to supplement Chapter 143 to provide for a private right of action to enforce duties provided in the Clean Water Act's enforcement provision. Moreover, here, defendants acted lawfully within the requirements of a permit.

We conclude that plaintiffs may not utilize Chapter 75 to create a private right of action where none existed and thereby circumvent the intent of the legislature to have the honesty requirement in the enforcement section of the Clean Water Act enforced as provided for in that section. We hold, with reference to this provision of the statute, that it was created to regulate, among other things, deceptive behavior in the permitting process, and provides the exclusive statutory remedy for violation thereof. Therefore, the trial court correctly granted defendants' motion for summary judgment of plaintiffs' claim for violation of the Unfair and Deceptive Trade Practices Act.

Since the trial court properly granted summary judgment against plaintiffs, this Court need not consider whether plaintiffs' affidavits filed in opposition to the motion were properly struck.

---

4. Enforcement of the Clean Water Act is still provided for through civil and criminal penalties and injunctive relief. N.C. Gen. Stat. § 143-215.6A-C.

**N.C. BAPTIST HOSPS., INC. v. CROWSON**

[155 N.C. App. 746 (2003)]

No error.

Judges WYNN and HUDSON concur.

Judges WYNN and HUDSON concurred in this opinion prior to 31 December 2002.