200 F.3d 1266 (9th Cir. 2000)
 In re: NATIONAL ENVIRONMENTAL WASTE CORPORATION, a California corporation; INTERNATIONAL RUBBISH SERVICE, Debtors, NATIONAL ENVIRONMENTAL WASTE CORPORATION, a California corporation; INTERNATIONAL RUBBISH SERVICE, Appellants,
v.
STEPHENS, BERG & LASASTER, a California corporation; WICK STEPHENS; CASTERLINE & AGAJANIAN, a California Professional corporation; DAVID CASTERLINE, an individual, Appellees.
 No. 98-55597
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted November 3, 1999--Pasadena, California
Filed January 18, 2000
Amended January 19, 2000
Second Amendment July 27, 2000
 
 COUNSEL: William M. Burd, Burd & Naylor, Santa Ana, California, Gerald M. Shaw, Corona Del Mar, California, for the appellants.
 Joan E. Cochran, Mendes & Mount, Los Angeles, California, Edmund G. Farrell, III, Murchison & Cumming, Los Angeles, California, for the appellees.
 Appeal from the United States District Court for the Central District of California; Linda H. McLaughlin, District Judge, Presiding. D.C. No. CV-97-00972-LHM
 Before: Harry Pregerson, John T. Noonan, and Diarmuid F. O'Scannlain, Circuit Judges.
 OPINION
 NOONAN, Circuit Judge:
 
 
 1
 National Environmental Waste Corporation and International Rubbish Service, Inc. (collectively Newco) appeal summary judgment against them in favor of the law firm of Stephens, Berg & Lasaster (the Stephens firm). We hold that a state statute of limitations is extended for a corporation in reorganization by virtue of 11 U.S.C. S 108 where recovery of the claim will substantially benefit the creditors of the estate, even though the claim was not explicitly specified in the plan of reorganization. Accordingly we reverse the judgment of the district court.
 
 PROCEEDINGS
 
 2
 On May 3, 1993 Newco filed a voluntary petition for relief under Chapter 11. On June 8, 1994 the bankruptcy court confirmed a plan of reorganization. Article 5.10 of the reorganization plan provided: "The Reorganized Debtor shall retain and may enforce any claims in favor of Debtor . . . " Article 7.16 retained the jurisdiction of the bankruptcy court "to recover all assets and property of Debtor's Chapter 11 estate wherever located." Article 5.8 restricted the salaries of Sam Cardelucci, president of the Debtor, and of Jackie Cardelucci, a vice-president of the Debtor; it was further provided that Sam Cardelucci would have a share of the Debtor's recovery, if any, from a pending lawsuit against William Onink, et al. Under Article 4.1, payment on the disputed judgment claim of $5,423,825 in favor of Onink was to be made in annual installments of $420,000. In addition, if any year-end cash balance exceeded $600,000, half was to go to payment of the Oninks' judgment and half to the general unsecured creditors.
 
 
 3
 On May 2, 1995 Newco sued the defendant law firms and lawyers for malpractice in connection with the Oninks' litigation. The defendants pleaded the one-year California statute of limitations. Cal. C. Proc. S 340.6. The bankruptcy court upheld the bar, ruling that S 108 did not apply to extend the time because the cause of action was "not listed in the plan." The court relied on Natco Industries v. Federal Ins. Co., 69 B.R. 418 (1987), which held that S 108 did not extend a statute of limitations for actions whose recovery would not accrue to the benefit of the creditors as a whole but "would vest solely in the debtor."
 
 
 4
 Newco appealed to the district court, which affirmed. Newco timely appeals.
 
 ANALYSIS
 
 5
 The case relied on by the bankruptcy court is relied on by the appellees, but it is apparent that it is not on point: a substantial recovery in Newco's suits against its lawyers will accrue to the benefit of the creditors. Section 108 is clear in affording a bankruptcy debtor "two years after the order of relief" in which to file suit. 11 U.S.C. S 108(a)(2). Nothing turns on the suit being filed after confirmation of the plan. The plan itself expressly reserves the Reorganized Debtor's right to enforce claims and the bankruptcy court's jurisdiction to recover the Debtor's assets.
 
 
 6
 Acequia v. Clinton, 34 F.3d 800 (9th Cir. 1994) held that a post-confirmation debtor had authority under 11 U.S.C. S 544 to sue to set aside fraudulent conveyances, in part, because "Acequia's plan of reorganization specifically contemplated that, after confirmation, the corporation would continue to `litigate claims and causes of action which exist in favor of the Debtor arising prior to and subsequent to the commencement of the Debtor's Chapter 11 case.' " Id. at 808. The case is not controlling but sufficiently analogous to justify confidence in the result we reach. Where the postconfirmation debtor retains a fiduciary duty to satisfy its creditors, the estate is benefitted by the recovery of its debts. See Hillis Motors, Inc. v. Hawaii Auto Dealers Ass'n, 997 F.3d 581 (9th Cir. 1953).
 
 REVERSED AND REMANDED