**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4045

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKMAL JAMAL BARNHILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00419-BO-1)

Submitted:  February 1, 2023                        Decided:  February 6, 2023

Before WYNN and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Sarah M. Powell, Durham, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akmal Jamal Barnhill appeals his conviction and sentence after pleading guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Barnhill contends his guilty plea was involuntary and unknowing in violation of due process, because his trial counsel was ineffective, and the factual basis was insufficient to support his plea. He also contends his sentence is procedurally and substantively unreasonable. We affirm.

"[F]or a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010). "It must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id.* (internal quotation marks omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The court also must determine that the plea is voluntary and that there is a factual basis for the plea." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (citing Fed. R. Crim. P. 11(b)). The district court is not required to find a factual basis "at the outset of the Rule 11 proceedings; it may defer its inquiry until sentencing." *United States*

2

*v. Martinez*, 277 F.3d 517, 531 (4th Cir. 2002). "The court also need not establish the guilty plea's factual basis through the plea colloquy; the court 'may conclude that a factual basis exists from anything that appears on the record.'" *Id.* (quoting *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991)).

"[W]hen a defendant contests the validity of a guilty plea that he did not seek to withdraw" in the district court, we review the challenge only for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). We review the entire record to evaluate a challenge to the validity of the plea. *See Greer v. United States*, 141 S. Ct. 2090, 2098 (2021); *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *United States v. Heyward*, 42 F.4th 460, 467 (4th Cir. 2022). We also limit our review to the record on appeal, i.e., the original papers and exhibits filed in the district court, the transcripts of proceedings, and the certified docket sheet. *See Heyward*, 42 F.4th at 467 n.3 (declining to consider a supplement to the record on appeal); *cf. United States v. Frank*, 8 F.4th 320, 333 (4th Cir. 2021) (noting this Court is "a 'court of review, not first view'").

Ineffective assistance of counsel claims are typically "litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," *Massaro v. United States*, 538 U.S. 500, 505 (2003), but we are permitted to and will consider such claims "on direct review where the ineffectiveness of counsel 'conclusively appears in the trial record itself,'" *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc). To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was not objectively reasonable and (2) that counsel's deficient performance prejudiced

3

him. *Freeman*, 24 F.4th at 326.  When the claim is made on direct appeal, we review the claim de novo and "will reverse only if it '*conclusively appears in the trial record itself* that the defendant was not provided . . . effective representation.'" *Id*.

We have reviewed the entire record and conclude that Barnhill's guilty plea was knowing and voluntary, and the district court did not plainly err in finding that a factual basis supported the plea.  We further conclude that the record does not conclusively show that Barnhill's trial counsel was ineffective or that Barnhill was prejudiced by any alleged deficient performance.  We therefore decline to consider his ineffective assistance claims on direct appeal; and he should raise them, if at all, in a 28 U.S.C. § 2255 motion.

Barnhill also contends his sentence is procedurally and substantively unreasonable. The Government contends that Barnhill waived his sentencing claims in his appeal waiver, and it seeks to enforce the waiver.  In response, Barnhill does not dispute that his appeal waiver was knowing and voluntary, but he argues that his sentencing claims are not barred by the waiver, because an appeal waiver will not bar "a *colorable* claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by constitutional error." *United States v. Attar*, 38 F.3d 727, 733 n.2 (4th Cir. 1994).

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  "A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*.  "When a district court questions a defendant during a

4

Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *Id*. We review this issue de novo. *Id*.

We have reviewed the record and conclude that Barnhill's appeal waiver was valid, and his sentencing claims fall within the scope of the waiver. The Government does not seek to bar Barnhill's challenge to the validity of his guilty plea, but only his claims that his sentence is procedurally and substantively unreasonable. Moreover, as we have already concluded, Barnhill's guilty plea was knowing and voluntary; and we conclude that he has not asserted a colorable claim that his plea agreement was tainted by constitutional error. *See United States v. McGrath*, 981 F.3d 248, 250 & n.2 (4th Cir. 2020).

Accordingly, we deny the pending motion to strike as moot and affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because we have limited our review to the record on appeal, we deny the motion to strike as moot. *See Skyline Restoration, Inc. v. Church Mut. Ins. Co.*, 20 F.4th 825, 835 (4th Cir. 2021); *Williams v. Lendmark Fin. Servs., Inc.*, 828 F.3d 309, 314 (4th Cir. 2016); *Am. Whitewater v. Tidwell*, 770 F.3d 1108, 1121 n.6 (4th Cir. 2014).