## NATCO INDUSTRIES, INC. and National Shirt Shops, Inc., Plaintiffs,

v.

## FEDERAL INSURANCE COMPANY and American Guarantee and Liability Insurance Company, Defendants.

### No. 86 CIV 6073 (LBS).

United States District Court, S.D. New York.

Jan. 21, 1987.

Cooper Cohen Singer Ecker & Shainswit, New York City, for plaintiffs; Kenneth N. Miller, Robert Chira, of counsel.

Hendler & Murray, P.C., New York City, for defendants; Jerome Murray, Jeffrey S. Leonard, of counsel.

## OPINION

SAND, District Judge.

Defendants move to dismiss under Rule 12(b)(6) or for summary judgment under Rule 56 on the grounds that plaintiffs' lawsuit is barred by the applicable contractual limitations period. For the reasons set forth herein, defendants' motion to dismiss is granted.

This is an action for the alleged breach of insurance contracts. Plaintiffs' complaint alleges that they were issued an insurance policy by each of the two defendants which contained, *inter alia*, coverage for employee dishonesty. Both insurance contracts provide that an action must be commenced no later than two years after a loss has been discovered by the insured. Plaintiffs further allege that they discovered the losses covered by each defendant's

policy no later than September 11, 1983. The instant action was commenced in August 1986, nearly a year after the expiration of the two year limitations period.

Plaintiffs do not dispute that this limitations period, standing alone, would bar the instant litigation. Furthermore, plaintiffs do not contest that this limitations period, as specified in their insurance contracts, is valid and enforceable in New York. Rather, plaintiffs point to their status as a debtor under Chapter 11 of the Bankruptcy Code—for which a confirmation order of a reorganization plan was entered on December 10, 1985—to argue that they are entitled to a two-year extension of the limitations period. Plaintiffs rely for this proposition on 11 U.S.C.A. § 108 (West Supp. 1986), which provides in pertinent part:

Section 108. Extension of Time.

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition [for reorganization], the trustee may commence such action only before the later of—

(1) the end of such period.... or

(2) two years after the order for relief.

Plaintiffs argue that this section gives them two additional years from April 18, 1985—the date they filed for bankruptcy—to commence the instant action. On this basis, they argue that the action is not time-barred.

Conversely, defendants argue that debtors, such as plaintiffs, may not invoke section 108 of the Bankruptcy Code to extend the period of time to file suit. Defendants assert that section 108, which is patterned after section 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e), was intended to provide additional time only to the trustee in bankruptcy or the debtor in possession having all the rights and powers of the trustee.

The Court finds defendants' arguments persuasive. Defendants urge that the Court draw a distinction between the trustee and debtor in possession on the one hand, and the debtor on the other, and further contend that section 108 was enacted to benefit the creditors of the bankrupt debtor, rather than the mere debtor itself. The law is quite clear that a debtor in possession has all of the rights of a trustee serving in a case under Chapter 11. *See* 11 U.S.C.A. § 1107 (1979). Furthermore, like a trustee, a debtor in possession has fiduciary obligations to all the creditors of the bankrupt. *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985); *Stein v. United Artists Corp.,* 691 F.2d 885, 892 (9th Cir.1982). Thus, recoveries realized by it become part of the estate for the benefit of the creditors. *In re Wesco Products Co.,* 22 B.R. 107, 109–110 (Bankr.N.D.Ill. 1982).

In contrast, debtors, such as plaintiffs, are not subject to the control of the bankruptcy court and are not fiduciaries of their creditors. Plaintiffs do not dispute that upon confirmation of bankruptcy, the estate's property vests in the debtor. *See, e.g., In re Draggoo Electric Co., Inc.,* 57 B.R. 916 (Bankr.N.D.Ind.1986); *In re Barker Medical Co., Inc.,* 55 B.R. 435 (Bankr.M.D.Ala.1985); 11 U.S.C. § 1141(b). Thus, while recoveries from a lawsuit brought by a trustee or debtor in possession during the pendency of the bankruptcy proceeding would accrue to the benefit of the creditors as a whole, recoveries from the instant action, brought by a post-confirmation debtor, would vest solely in the debtor. *See* 5 *Collier on Bankruptcy* ¶ 1141.01 at 1141–8 (15th ed. 1986).

The courts that have examined the question have held that the purpose of the two year extension granted by section 108 is to preserve the interests of the debtor's estate. *See, e.g., In re Lawler,* 53 B.R. 166, 171 (Bankr.N.D.Tex.1985); *In re G.N. Partners,* 48 B.R. 462, 467 (Bankr.D.Minn. 1985). Thus, these courts have held that debtors acting in their own interests, such as plaintiffs, could not invoke section 108, or its predecessor, section 29(e). *See, e.g., In re Lawler,* 53 B.R. at 172; *Burroughs v. Local Acceptance Co. (Matter of Dick-*

*son)*, 432 F.Supp. 752, 756 (W.D.N.C.1977); *Costello v. Pan American World Airways, Inc.*, 295 F.Supp. 1384, 1390 (S.D.N.Y. 1969); *In re Craig*, 7 B.R. 864, 866 (Bankr. E.D.Tenn.1980); *Engine Rebuilders, Inc. v. Seven Seas Import-Export & Merc., Inc.*, 189 Mont. 236, 615 P.2d 871 (1980). Plaintiffs' attempts to distinguish these cases, which were unequivocal in holding that debtors are barred from invoking section 108, are not persuasive.

Furthermore, plaintiffs' argument that 11 U.S.C. § 1123(b) supports its position is similarly misplaced. Section 1123(b) provides that a Chapter 11 plan may provide for the "retention and enforcement" of a claim by the debtor, trustee, or representative of the estate. Article XIII of plaintiffs' Reorganization Plan provides that the Bankruptcy Court shall retain jurisdiction "to recover all assets or property of the Debtors wherever located." However, section 1123 does not authorize a debtor to assert the extension of time to file suit granted a trustee and debtor in possession by section 108. Moreover, the cited language of the Plan itself does not either provide the debtor with this right or contemplate the tardy assertion of claims arising from this litigation.

This case is readily distinguishable from *In re Tennessee Wheel & Rubber Co.*, 64 B.R. 721 (Bankr.M.D.Tenn.1986), cited by plaintiffs. The court in that case allowed the reorganized debtor to pursue claims to recover preferential transfers that were *explicitly* anticipated by the plan to fund the estate for the benefit of the creditors. By contrast, in this case, not only are plaintiffs' claims unanticipated by the plan, but any recovery from them would accrue to plaintiffs' benefit alone in their status as reorganized debtor. These factors make plaintiffs' situation comparable to those of the debtors in cases distinguished by the *Tennessee Wheel* court who were denied the power to proceed with post-confirmation actions. *See Whiteford Plastics Co., Inc. v. Chase National Bank of New York City*, 179 F.2d 582 (2d Cir.1950); *In re Galerie Des Monnaies of Geneva, Ltd.*, 55 B.R. 253 (Bankr.S.D.N.Y.1985), *aff'd*, 62 B.R. 224 (S.D.N.Y.1986).

Finally, the Court agrees with defendants that there are sound reasons to deny debtors the use of section 108. If debtors were permitted to invoke section 108, they would reap the benefit of a provision designed to preserve the estate as a whole pending bankruptcy proceedings. Furthermore, permitting post confirmation debtors to use the section would not only discourage debtors from bringing timely actions, but could act as an inducement for debtors and debtors in possession to neglect claims during bankruptcy proceedings, and only later assert them following confirmation, thereby defeating the interests of creditors. *See Stein v. United Artists Corp.*, 691 F.2d 885, 892 (9th Cir.1982). For these reasons, plaintiffs may not invoke section 108 and their action therefore is time-barred. Defendants' motion to dismiss is hereby granted.[1]

This dismissal is without prejudice to any application plaintiffs may make to the Bankruptcy Court to reopen the Chapter 11 proceedings.

SO ORDERED.

---

1. The Opinion of this Court defeats plaintiffs' complaint in its entirety. Plaintiffs' first two causes of action based on breach of contract must be dismissed by reason of the contractual limitations period as discussed in the body of this Opinion. Plaintiffs' third cause of action grounded on breach of fiduciary duty must be similarly dismissed because of the bar of the limitations period. The Court agrees with defendants' contentions, and plaintiffs do not dispute in their briefs, that this claim, like the first two, is governed by the limitations period applicable to the claims of breach of contract, as this is clearly the "essence" of plaintiffs' entire action. *See, e.g., State v. Cortelle Corp.*, 38 N.Y.2d 83, 378 N.Y.S.2d 654, 341 N.E.2d 223 (1975); *Rockwell v. Ortho Pharmaceutical Co.*, 510 F.Supp. 266 (N.D.N.Y.1981); *European American Bank v. Cain*, 79 A.D.2d 158, 436 N.Y.S.2d 318 (2d Dept.1981); *see also Tyson v. Aetna Life & Casualty Company*, 75 A.D.2d 1023, 429 N.Y.S.2d 120 (4th Dept. 1980) (where complaint is based on alleged breach of insurance contract, there is no fiduciary relationship upon which to base claim of breach of fiduciary relationship).