**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1549**

SKYLINE RESTORATION, INC., as assignee of First Baptist Church of Lumberton, North Carolina,

Plaintiff - Appellant,

v.

CHURCH MUTUAL INSURANCE COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:19-cv-00232-BO)

Argued:  September 22, 2021                                Decided:  December 15, 2021

Before GREGORY, Chief Judge, HARRIS, and RUSHING, Circuit Judges.

Affirmed by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Harris and Judge Rushing joined.

**ARGUED:**  David Stebbins Coats, BAILEY & DIXON, LLP, Raleigh, North Carolina, for Appellant.  Mihaela Cabulea, BUTLER WEIHMULLER KATZ CRAIG LLP, Tampa, Florida, for Appellee.  **ON BRIEF:**  J.T. Crook, BAILEY & DIXON, LLP, Raleigh, North Carolina, for Appellant.  L. Andrew Watson, BUTLER WEIHMULLER KATZ CRAIG LLP, Charlotte, North Carolina, for Appellee.

GREGORY, Chief Judge:

In October 2016, First Baptist Church of Lumberton, North Carolina ("First Baptist"), retained Skyline Restoration, Inc. ("Skyline"), to provide emergency remediation services to address wind damage to First Baptist's real estate. In exchange, Skyline received the right to collect any proceeds from First Baptist's insurance policy with Church Mutual Insurance Company ("Church Mutual"). After Church Mutual partially disputed coverage, Skyline commenced the instant action to recover the value of services provided to First Baptist but not paid by Church Mutual. The district court dismissed Skyline's claims, concluding in part that the claims were barred by the applicable North Carolina statute of limitations.

On appeal, Skyline argues that the limitations period began to accrue on the date of breach, but Church Mutual maintains that the limitations period began to accrue on the date of loss. For the reasons below, we find that the applicable statute of limitations is three years from the date of loss, and agree that Skyline's claims for declaratory judgment and breach of contract are time barred because Skyline brought this action in November 2019, more than three years after the time of loss; October 2016. We therefore affirm the judgment of the district court.

I.

A.

On October 7, 2016, the First Baptist Church sustained extensive wind damage from Hurricane Matthew. At the time, Church Mutual provided insurance coverage for First

2

Baptist's real estate, and First Baptist submitted an initial notice of loss and proof of claim to Church Mutual on October 15. Shortly thereafter, on October 18, First Baptist contracted with Skyline to provide emergency remediation and mitigation services in accordance with the terms of the insurance policy.[1] On November 28, Church Mutual agreed to cover part of the initial claim but disputed coverage for a "dislodged ceiling joist." J.A. 8–9.

After completing the remediation services, Skyline issued invoices to First Baptist for an amount exceeding $75,000 on December 14, 2016. On February 16, 2017, several months after Skyline performed under contract and in response to First Baptist's failure to timely pay for its services, Skyline filed for and perfected a claim of lien against First Baptist for non-payment. On April 4, 2019, First Baptist submitted a second proof of claim to Church Mutual for the services provided by Skyline, "none of which has been paid to date." J.A. 9. Eventually, Skyline submitted claims directly to Church Mutual for the amount invoiced under the contract. Church Mutual never responded to Skyline's claims.

---

[1] The insurance policy provides that "in the event of loss or damage to Covered Property," the insured must:

> Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

J.A. 64.

To date, neither First Baptist nor Church Mutual has paid Skyline for the remediation services performed on First Baptist's property. Pursuant to the remediation contract, First Baptist assigned all insurance proceeds to Skyline. First Baptist subsequently filed for Chapter 11 bankruptcy on August 30, 2018. As part of First Baptist's bankruptcy proceedings, First Baptist filed an adversary proceeding against Skyline on September 9, 2019. To resolve this adversary proceeding, First Baptist further assigned Skyline "any and all claims against any policies of insurance that may provide payments for work performed by Skyline." J.A. 10.

B.

On November 22, 2019, Skyline, as First Baptist's assignee, commenced this action against Church Mutual seeking a declaratory judgment and asserting claims for breach of contract and unfair claim settlement practices under the Unfair and Deceptive Trade Practices Act ("UDTPA").

Church Mutual moved to dismiss the complaint for failure to state a claim. Church Mutual argued that the limitations period began to accrue on the date of loss—when Hurricane Mathew made landfall on October 7, 2016—thus Skyline's declaratory judgment and breach of contract claims were time barred. In response, Skyline asserted that the limitations period began to accrue on the date of breach—November 28, 2016,

4

when Church Mutual first advised First Baptist that part of its claim was not covered.[2] Under Skyline's approach, the complaint was timely filed.

The district court, relying on North Carolina General Statute § 1-52(12) and § 58-44-16(f)(18), rejected Skyline's claims and granted Church Mutual's motion to dismiss. First, the district court found that Skyline's declaratory judgment and breach of contract claims were time barred under the applicable three-year statute of limitations accruing from the date of loss. The court acknowledged that although the statute of limitations for breach of contract claims is three years and begins to run from the date of breach, North Carolina General Statute § 1-52(1), there is a "separate three-year statute of limitations for certain insurance policies, which begins to run from the date the loss accrued," North Carolina General Statute § 1-52(2) and § 58-44-16(f)(18). J.A. 247. Second, the district court found that First Baptist's bankruptcy did not toll the statute of limitations deadline. Finally, the district court dismissed the claim for unfair claim settlement practices because it was neither cognizable nor sufficiently pled. The court found that the UDTPA claim was unassignable under North Carolina law and any separate, direct claim for unfair practices against Church Mutual was not sufficiently pled.

---

[2] Skyline originally argued the date of breach did not occur until Church Mutual filed its motion to dismiss because it had not previously indicated whether it would cover First Baptist's claim. On appeal, Skyline contends that the earliest date the statute of limitations would begin to run is April 4, 2019, when First Baptist submitted its second proof of claim to Church Mutual. However, Skyline also suggests that Church Mutual breached the insurance policy when it told First Baptist that part of its claim fell outside the scope of coverage on November 28, 2016. Regardless of which breach date is used, the action is timely if the date of breach determines the date of accrual.

This appeal of Skyline's claims followed. First, Skyline contends the district court erred in concluding that Skyline's claims for declaratory judgment and breach of contract were untimely. Skyline further asserts the applicable statute of limitations is three years from the date of breach, instead of three years from the date of loss. Next, Skyline alleges the court erred in failing to extend the statute of limitations based upon the bankruptcy proceedings of Skyline's assignor. Finally, Skyline argues the court erred in concluding that Skyline could not establish a claim for unfair claim settlement practices, either as a separate claimant or through its position as an assignee.

II.

This Court reviews a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

We possess jurisdiction pursuant to 28 U.S.C. § 1332. Because jurisdiction rests on diversity of citizenship, this Court shall apply North Carolina substantive law and federal

6

procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79–80 (1938); *Guar. Tr. Co. v. York*, 326 U.S. 99, 108–09 (1945).

III.

We first address Skyline's claim that the district court erred in applying a three-year statute of limitations from the date of loss to Skyline's declaratory judgment and breach of contract claims. There is no dispute in this case that the applicable statute of limitations is three years. Instead, the critical question is whether the limitations period for breach of contract begins to accrue on the date of loss or on the date of breach. Skyline contends that the limitations period commenced on the date of breach when Church Mutual allegedly breached its obligations under the insurance policy pursuant to North Carolina General Statute § 1-52(1). Appellant Br. at 13. Conversely, Church Mutual argues that the limitations period commenced on the date of loss when Hurricane Matthew made landfall in North Carolina consistent with North Carolina General Statute § 1-52(12). Appellee Br. at 10. This distinction is critical as these claims are timely only if they accrued when Church Mutual allegedly breached its obligations under the insurance policy. Because North Carolina extends § 1-52(12) and § 58-44-16 to real property insurance policies regardless of the cause of loss, we conclude that the applicable statute of limitations is three years from the date of loss. We therefore affirm the district court's dismissal of Skyline's declaratory judgment and breach of contract claims as time barred.

A.

Generally, in North Carolina, a breach of contract claim is subject to a three-year statute of limitations. N.C. Gen. Stat. § 1-52(1) (applying a three-year statute of limitations to an action "[u]pon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections").[3]   Generally, under the applicable case law, a breach of contract claim accrues on the date of breach.  *See Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 802 S.E.2d 888, 892 (N.C. 2017); *Schenkel v. Shultz, Inc. v. Hermon F. Fox & Assocs., P.C.*, 636 S.E.2d 835, 839 (N.C. Ct. App. 2006).

However, a separate three-year statute of limitations applies to certain insurance policies.  N.C. Gen. Stat. § 1-52(12).  Specifically, § 1-52(12) applies a three-year limitations period to an action "[u]pon a claim for loss covered by an insurance policy that *is subject to* the three-year limitation contained in [North Carolina General Statute §] 58-44-16."  *Id.* (emphasis added).  Under § 58-44-16, such a claim must be brought within three years of the loss.  *Id.* § 58-44-16(f)(18) ("No suit or action on this policy for the recovery of *any claim* shall be sustainable in any court of law . . . unless commenced within three years after inception of the loss." (emphasis added)).  Accordingly, North Carolina courts have interpreted "inception of the loss" to refer to the date of loss. *Marshburn v. Associated Indem. Corp.*, 353 S.E.2d 123, 126 (N.C. Ct. App. 1987) (finding that "inception of the loss" refers to "the date of the occurrence of the event out of which the claim for recovery arose").

---

[3] North Carolina General Statute § 1-52 simply contains a list of causes of action that are subject to a three-year statute of limitations.

We conclude that the district court correctly applied the relevant statutory provisions, North Carolina General Statute § 1-52(12) and § 58-44-16, to Skyline's claims for declaratory judgment and breach of insurance contract. In making this determination, we first look to § 58-44-16 to ascertain whether the statute governs real property insurance policies. The title of § 58-44-16—"Fire insurance policies; standard fire insurance policy provisions"—is misleading, as it would seem to suggest that § 1-52(12) applies only to fire insurance policies. However, North Carolina courts have extended the limitations period applicable to fire insurance policies to homeowner's insurance policies and similar policies insuring real property. *See Page v. Lexington Ins. Co.*, 628 S.E.2d 427, 428 (N.C. Ct. App. 2006) (homeowner's property insurance); *Marshburn*, 353 S.E.2d at 124 (same).[4] Moreover, the Supreme Court of North Carolina previously deemed "[h]omeowners insurance to be fire insurance" for purposes of the State ratemaking statute. *State ex rel. Comm'r of Ins. v. N.C. Fire Ins. Rating Bureau*, 234 S.E.2d 720, 728 (N.C. 1977). Here, First Baptist purchased property insurance coverage for its real estate. Thus, North

---

[4] Although nonbinding, the Western District of North Carolina's holding in *Biltmore Avenue Condominium Ass'n Inc. v. Hanover American Insurance Co.* is informative. No. 1:15CV43, 2015 WL 12731927, at *2 (W.D.N.C. Sept. 3, 2015), *report and recommendation adopted*, No. 1:15-CV-43-MR-DLH, 2016 WL 406463 (W.D.N.C. Feb. 2, 2016). Specifically, in *Biltmore Avenue Condominium*, the court applied § 1-52(12) and § 58-44-16 to an alleged breach of a commercial property insurance policy. 2015 WL 12731927, at *2 (holding the plaintiff had three years from the date of the loss to bring suit against the defendant). Thus, the policy type covered by § 58-44-16 is not exclusively fire insurance policies. Instead, North Carolina has held that claims for loss covered by homeowners' insurance and commercial property insurance are subject to the three-year limitation in § 58-44-16.

Carolina precedent provides support for extending the limitations period in § 1-52(12) and § 58-44-16 to the property insurance policy in question.

Next, we review whether North Carolina law extends the application of § 58-44-16 to losses that are not fire related. Notably, North Carolina courts have extended the limitations period applicable to fire insurance policies and homeowner's insurance policies, even when the damage was not fire related. *See Page*, 628 S.E.2d at 430 (loss caused by ruptured sewer pipeline); *Marshburn*, 353 S.E.2d at 126–28 (loss caused by lightning strike); *Quillen v. Allstate Corp.*, No. 1:14-CV-00015-MR-DLH, 2014 WL 6604897, at *3 (W.D.N.C. Nov. 20, 2014) (loss caused by explosion). In the instant case, the damage to First Baptist's property was not caused by fire. Instead, the loss was caused by windstorm. Thus, under the relevant legal framework, the Court may apply § 58-44-16 to loss by windstorm. At this stage of the proceedings, the insurance policy's coverage is what subjects the relevant policy to the statute of limitations under § 58-44-16(f)(18) regardless of the scope of the policy's coverage. *See* N.C. Gen. Stat. § 58-44-16(f)(18) (applying to any "suit or action on [a real property insurance] policy for the recovery of any claim," regardless of whether the claimed loss is fire related).

Because § 58-44-16 extends to insurance policies covering real property for fire and non-fire losses, we conclude that the district court correctly applied the relevant statutory provisions, North Carolina General Statute § 1-52(12) and § 58-44-16, to Skyline's claims for declaratory judgment and breach of insurance contract. In the instant case, the statute of limitations began to accrue on the date of loss, October 7, 2016, when hurricane-force winds damaged First Baptist's real property. Because Skyline brought this action on

10

November 22, 2019, more than three years after the date of loss, the district court properly dismissed Skyline's declaratory judgment and breach of contract claims as time barred.

B.

In challenging this conclusion, Skyline argues the district court overlooked North Carolina General Statute § 58-3-35.[5] Appellant Br. at 11. North Carolina General Statute § 58-3-35(b) prohibits an insurer from "limit[ing] the time within which any suit or action . . . may be commenced to less than the period prescribed by law." However, the district court relied exclusively on the statutory three-year limitations period, not the insurance policy's limitations period. *See* N.C. Gen. Stat. §§ 1-52(12), 58-44-16.

Moreover, in the instant case, the limitations period in the insurance policy mirrors § 1-52(12) and § 58-44-16, which is three years from the date of loss. Because neither the governing statute nor the policy language shorten the limitations period to less than three years from the date of loss, even if the district court had relied on both the statutory limitations period and contractual limitations period, there is no § 58-3-35 violation.

---

[5] We are unpersuaded by Skyline's arguments relating to *F&D Co. v. Aetna Insurance Co.*, 287 S.E.2d 867 (N.C. 1982); *United States Leasing Corp. v. Everett, Creech, Hancock & Herzing*, 363 S.E.2d 665 (N.C. App. 1988); and *Piles v. Allstate Insurance Co.*, 653 S.E.2d 181 (N.C. App. 2007), as none of these cases relate to the case at hand. *F&D Co.* involves a marine insurance policy, which is an explicit exception to § 58-44-16. 287 S.E.2d at 867. Specifically, § 58-44-16(b) states "With the exception of policies covering . . . (ii) marine and inland marine insurance, no fire insurance policy shall be made . . . by any insurer . . . on any property in this State, unless it conforms in substance with all of the provisions . . . in subsection (f) of this section." N.C. Gen. Stat. § 58-44-16(b). Further, *United States Leasing Corp.* is a non-insurance case concerning the application of the statute of limitations for a breach of an office equipment lease. 363 S.E.2d at 669. Finally, *Piles* concerns a breach of automobile insurance, which is subject to a different statutory framework than property insurance. 653 S.E.2d at 185.

As for the insurance policy's limitations period, the parties' dispute, in part, arises from two different statute of limitations provisions within the insurance policy. First, the insurance policy was modified to provide that "[n]o one may bring a legal action against [Church Mutual] . . . unless . . . [t]he action is brought within *three years after the date on which the direct physical loss or damage occurred*." J.A. 118 (emphasis added). Second, the Standard Fire Policy endorsement provides that "[n]o suit or action on this policy for recovery of any claim shall be sustainable in any court . . . unless commenced within *three (3) years next after* [sic] *inception of the loss*." J.A. 122 (emphasis added). However, North Carolina courts have interpreted "direct physical loss or damage occurred" and "inception of the loss" to mean the date of loss. *See Cleveland Constr., Inc. v. Fireman's Fund Ins. Co.*, 819 F. Supp. 2d 477, 482 (W.D.N.C. 2011); *Marshburn*, 353 S.E.2d at 126. Thus, the limitations period is three years from October 7, 2016, regardless of which insurance policy provision the parties choose to rely upon.

Accordingly, Skyline's claims for declaratory judgment and breach of contract, filed more than three years after the date of the loss, are time barred.


IV.

Next, Skyline contends that, regardless of the accrual date, as an assignee of First Baptist, its cause of action against Church Mutual was tolled by First Baptist's bankruptcy proceedings. Appellant Br. at 20–24. We disagree.

12

A.

Section 108(a) of the Bankruptcy Code provides that, if a debtor in bankruptcy has an unexpired legal claim, the bankruptcy trustee may commence such action before the end of the claim's limitations period or two years after the order for relief, whichever is later.

Moreover, § 1107(a) of the Bankruptcy Code confers the rights and powers of a trustee upon a debtor-in-possession, including the two-year extension of the limitations period. 11 U.S.C. § 1107(a); *see Coliseum Cartage Co. v. Rubbermaid Statesville, Inc.*, 975 F.2d 1022, 1025 (4th Cir. 1992). In sum, a trustee and debtor-in-possession may utilize § 108(a) to toll the limitations period for unexpired legal claims. Significantly, the Bankruptcy Code does not extend this tolling provision to any other actors, including creditors.

B.

Skyline is neither the trustee nor the debtor-in-possession in First Baptist's bankruptcy proceedings. Instead, Skyline relies on its position as an assignee of First Baptist to avail itself of § 108(a)'s two-year extension of the limitations period. However, Skyline's position as an assignee is notably different from the role of a trustee or a debtor-in-possession. A trustee and a debtor-in-possession owe fiduciary duties to all creditors of the bankrupt. *See Wolf v. Weinstein*, 372 U.S. 633, 649 (1963) ("[S]o long as the Debtor remains in possession, it is clear that the corporation bears essentially the same fiduciary obligation to the creditors as does the trustee . . . ."); *CFTC v. Weintraub*, 471 U.S. 343, 355 (1985) ("[T]he fiduciary duty of the trustee runs to shareholders as well as to creditors."). Yet an assignee does not owe a similar fiduciary duty to the bankrupt's

13

creditors. In fact, an assignee may act in its own self-interest, which can serve to the detriment of the bankrupt's other creditors.

To address this concern, § 108(a) limits the use of the tolling provision to the trustee and debtor-in-possession. Specifically, the district court acknowledged that the purpose of § 108(a) is to aid the trustee and debtor-in-possession in carrying out this fiduciary duty. *See United States ex rel. Am. Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 260 (5th Cir. 1991) ("The purpose of section 108(a) dictates the conclusion that its rights extend only to trustees and debtors-in-possession, and not to creditors. This is so because both trustees and debtors-in-possession have a fiduciary obligation to 'all the creditors of the bankrupt.'" (quoting *Natco Indus., Inc. v. Fed. Ins. Co.*, 69 B.R. 418, 419 (S.D.N.Y. 1987))). Because the trustee and debtor-in-possession owe a fiduciary duty to all creditors, the trustee and debtor-in-possession may use this right to recover assets for the bankruptcy estate, which in turn, benefits the estate's creditors. *See id.* To the contrary, Skyline's breach of contract claims could not possibly enhance the assets of the bankruptcy estate because it is attempting to recover monetary relief, not as a fiduciary of the bankrupt or for the benefit of the estate, but for itself. Therefore, if Skyline, as an assignee of First Baptist, were permitted to use this tolling provision to bring its claims, this would run counter to creditor interests.

Next, Skyline contends that under North Carolina law, "[i]n equity the assignee stands absolutely in the place of his assignor, and it is the same, as if the contract had been originally made with the assignee, upon precisely the same terms as with the original parties." *Smith v. Brittain*, 38 N.C. 347, 354 (1844). However, assuming that Skyline had

14

a valid assignment with First Baptist, First Baptist's bankruptcy proceeding did not prohibit Skyline from timely filing a cause of action against Church Mutual under that assignment. As of October 18, 2016, Skyline had an assignment from First Baptist to recover the value of its services from Church Mutual pursuant to the remediation contract with First Baptist. Thus, Skyline, as an assignee of First Baptist, may have recovered from Church Mutual for declaratory judgment and breach of contract had it filed its claims within three years from the date of loss. Regardless of the merits of Skyline's claims, these claims are time barred under the applicable statute of limitations and § 108(a) simply does not extend the deadline for an assignee. For these reasons, we affirm that Skyline's claims for declaratory judgment and breach of contract are time barred.

V.

Finally, Skyline contends that the district court misapplied the *Twombly* standard in dismissing its UDTPA claims. *See generally Twombly*, 550 U.S. 544; *see also* Appellant Br. at 25–28. Skyline alleges that Church Mutual refused to respond to invoices for the work that Skyline had performed. Based on this conduct, Skyline argues that Church Mutual violated North Carolina General Statute § 58-63-15(11)(f), which, in turn, constitutes a violation of North Carolina General Statute § 75-1.1. We disagree.

A.

North Carolina General Statute § 58-63-15 governs the unfair or deceptive trade practices of insurers. It prohibits an insurance company from "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has

15

become reasonably clear." N.C. Gen. Stat. § 58-63-15(11)(f). Under § 75-1.1, "unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1. Accordingly, a violation of § 58-63-15(11)(f) constitutes a violation of North Carolina General Statute § 75-1.1. *See Gray v. N.C. Ins. Underwriting Ass'n*, 529 S.E.2d 676, 683 (N.C. 2000) ("An insurance company that engages in the act or practice of '[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear,' [North Carolina General Statute § 58-63-15(11)(f)], also engages in conduct that embodies the broader standards of [North Carolina General Statute § 75-1.1] because such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers.").

### 1.

Skyline alleges that Church Mutual's actions proximately caused its damages, and it thus asserts a direct claim, not by way of assignment, against Church Mutual for violation of North Carolina General Statute § 75-1.1. However, North Carolina "does not recognize a [separate] cause of action for third-party claimants against the insurance company of an adverse party[6] based on unfair and deceptive trade practices under [North Carolina General Statute] § 75-1.1." *Craven v. Demidovich*, 615 S.E.2d 722, 724 (N.C. Ct. App.

---

[6] In the instant case, the adverse party for purposes of evaluating the UDTPA claim is First Baptist. Skyline was aggrieved by First Baptist for not compensating Skyline for its remediation services performed on First Baptist's property. This ultimately led Skyline to file this present action against Church Mutual, the insurance company of First Baptist, for the sole purpose of receiving compensation for the services rendered. Thus, in this case, Skyline, the third-party, asserts a claim against the insurer, Church Mutual, of an adverse party, First Baptist. *See, e.g.*, *Lee v. Mut. Cmty. Sav. Bank, SSB*, 525 S.E.2d 854, 856 (N.C. Ct. App. 2000).

2005) (internal quotations omitted); *see Wilson v. Wilson*, 468 S.E.2d 495, 498 (N.C. Ct. App. 1996) ("[A]llowing a third-party claim against the insurer of an adverse party for violating [North Carolina General Statute] § 58-63-15 may result in a conflict of interest for the insurance company."). This is true when the plaintiff is "neither an insured nor in privity with the insurer." *Prince v. Wright*, 541 S.E.2d 191, 197 (N.C. Ct. App. 2000). In the instant case, Skyline is neither the insured nor in privity with Church Mutual. Additionally, Skyline's complaint does not assert or suggest that there is any privity between it and Church Mutual. Without privity, Skyline cannot prevail on its direct UDTPA claim.

2.

Additionally, Skyline pleads a UDTPA claim against Church Mutual as an assignee of First Baptist. However, claims for unfair and deceptive trade practices under North Carolina General Statute § 75-1.1 are not assignable. *See Horton v. New S. Ins. Co.*, 468 S.E.2d 856. 858 (N.C. App. 1996) (holding that although an action arising out of contract generally can be assigned, "assignments of personal tort claims [such as UDTPA claims] are void as against public policy"). Therefore, Skyline cannot pursue an UDTPA claim as an assignee of First Baptist under North Carolina law.

B.

Accordingly, we affirm the district court's dismissal of Skyline's UDTPA claims. Skyline cannot prevail on an independent UDTPA claim against Church Mutual because North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party. *See Craven*, 615 S.E.2d at 724. Additionally,

17

Skyline, as an assignee of First Baptist, may not pursue a claim for unfair business practices because these types of claims are not assignable under North Carolina law.  *See Horton*, 468 S.E.2d at 858.

## VI.

For these reasons, we affirm the district court's judgment.  We deny as moot Church Mutual's motion to strike part of Skyline's reply brief.

*AFFIRMED*