**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-2147**

───────────────

WAJIH IREIFEJ,

        Plaintiff – Appellant,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

        Defendant – Appellee.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge. (1:20-cv-00739-NCT-JLW)

───────────────

Submitted:  October 28, 2022                    Decided:  December 14, 2022

───────────────

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Anthony DiUlio, WHEELER, DIULIO & BARNABEI, Philadelphia, Pennsylvania, for Appellant.  Gemma L. Saluta, Ryan H. Niland, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff-Appellant Wajih Ireifej appeals the district court's order granting Defendant-Appellee Travelers Casualty Insurance Company of America's motion to dismiss his complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Finding no reversible error, we affirm.

I.

Ireifej owned an apartment complex in Thomasville, North Carolina, which was covered by an insurance policy issued by Travelers and which sustained damage from a fire on April 28, 2015. The loss was deemed covered by the Policy, and Travelers adjusted the claim and made an initial payment on July 14, 2015. This payment reflected the actual cash value—that is, the cost of repair or replacement minus depreciation. However, the Policy provided that Ireifej could also seek compensation for the replacement cost value for covered losses, which would compensate for the cost of repair or replacement without subtracting depreciation. In order to be compensated on a replacement-cost basis, the Policy required the claimant to "actually" repair or replace the damaged property and to do so "as soon as reasonably possible after the loss or damage." J.A. 150.[1]

The Policy also provided that, in the event of a disagreement as to the proper valuation of the loss, either the claimant or Travelers could invoke an appraisal process to determine the value. This appraisal process was invoked in early 2017, after Travelers had made the initial, actual-cash-value payment to Ireifej. The appraisal increased the actual-

_____

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

cash-value award amount, and on October 10, 2019, Travelers issued a check to Ireifej reflecting the appraisal award.

On March 27, 2020, Ireifej's representative informed Travelers that Ireifej intended to purchase a replacement property. Travelers notified Ireifej that because he had "not satisfied the terms and conditions of the policy with regard to payment on a replacement cost basis," it would not pay him the recoverable depreciation. J.A. 245. Specifically, Travelers stated that "the purchase of the [proposed replacement property] more than four (4) years after the April 28, 2015 loss does not constitute a replacement 'made as soon as reasonably possible after the loss or damage'" as required by the Policy. J.A. 246.

Ireifej filed suit in North Carolina Superior Court on July 13, 2020, asserting claims for breach of contract, common law bad faith, and violations of the North Carolina Unfair and Deceptive Trade Practices Act. Travelers removed the case to the federal district court for the Middle District of North Carolina, invoking federal diversity jurisdiction, and moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6). The district court granted the motion. Ireifej timely appealed.

## II.

We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Skyline Restoration, Inc. v. Church Mut. Ins. Co.*, 20 F.4th 825, 829 (4th Cir. 2021). We must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). In order to survive a motion to dismiss, a complaint "must contain sufficient facts to 'state a claim to relief that is plausible on its

3

face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, we apply North Carolina substantive law. *Skyline Restoration*, 20 F.4th at 829.

## III.

Ireifej argues that the district court improperly dismissed his claims for breach of contract and common law bad faith as time-barred. We disagree.

The parties disagree as to which section of the North Carolina General Statutes supplies the limitations period here and, consequently, when that period began to run. Travelers asserts that the claims are governed by N.C. Gen. Stat. § 58-44-16, which applies to fire insurance policies in the state. Section 58-44-16(b) provides that, with exceptions not relevant here, no fire insurance policy shall be issued by an insurer of any property in North Carolina unless it conforms with requirements set out in subsection (f) of the statute. Subsection (f), in turn, provides that no suit for the recovery of claims shall be brought "unless commenced within three years *after inception of the loss*." N.C. Gen. Stat. § 58-44-16(f)(18) (emphasis added). Accordingly, the Policy at issue here incorporates a three-year limitations period for legal actions against Travelers, which runs from the date of loss. J.A. 76. Thus, Travelers contends that the suit was untimely because it was filed more than three years after the April 2015 fire.

Ireifej argues that the applicable statute of limitations here is the three-year period established by N.C. Gen. Stat. § 1-52(1) for breach-of-contract actions in general. Because a cause of action for breach of contract generally accrues at the time of the breach, *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 802 S.E.2d 888, 892 (N.C. 2017), and

4

because Ireifej contends that the breach occurred when Travelers informed Ireifej that it would not make the replacement cost payment on April 10, 2020, Ireifej argues that his complaint filed just a few months later was timely.

We recently addressed this very question, explaining that "[g]enerally, in North Carolina, a breach of contract claim is subject to a three-year statute of limitations" pursuant to N.C. Gen. Stat. § 1-52(1) and that "[g]enerally, under the applicable case law, a breach of contract claim accrues on the date of breach." *Skyline Restoration*, 20 F.4th at 830. However, we continued:

> [A] separate three-year statute of limitations applies to certain insurance policies. N.C. Gen. Stat. § 1-52(12). Specifically, § 1-52(12) applies a three-year limitations period to an action "[u]pon a claim for loss covered by an insurance policy that *is subject to* the three-year limitation contained in [North Carolina General Statute §] 58-44-16." Under § 58-44-16, such a claim must be brought within three years of the loss.

*Id.* (citation omitted). In *Skyline Restoration*, we affirmed dismissal of the plaintiff's claims for breach of contract as untimely, calculating the limitations period to run from the date of loss, not the date of the subsequent breach.

Thus, the statute of limitations here ran from the date of the fire in April 2015. Additionally, the district court correctly concluded that there is no support for any argument that the statute of limitations is tolled during appraisal in North Carolina. *See Bankaitis v. Allstate Ins. Co.*, 229 F. Supp. 3d 381, 386 (M.D.N.C. 2017).

The district court was correct to conclude that Ireifej's claims were time-barred. Additionally, because Ireifej concedes that the bad-faith claim is subject to the same statute of limitations as the breach-of-contract claim, the bad-faith claim is also time-barred.

5

Ireifej also asserts that Travelers is estopped from asserting a statute-of-limitations defense. In North Carolina, equitable estoppel requires "(1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts." *Id.* at 386–87 (quoting *Trillium Ridge Condo. Ass'n v. Trillium Links & Vill., LLC*, 764 S.E.2d 203, 216 (N.C. Ct. App. 2014)). Here, the district court correctly concluded that Ireifej did not plead facts demonstrating misrepresentation or concealment by Travelers that would have prevented Ireifej from timely filing suit. The district court therefore correctly concluded that equitable estoppel did not apply.

IV.

Ireifej also argues that the district court improperly dismissed his claim under North Carolina's Unfair and Deceptive Trade Practices Act. We affirm that the district court properly dismissed this claim.

To support an unfair or deceptive trade practices claim under N.C. Gen. Stat. § 75-1.1, a plaintiff must allege "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiff[]." *Gray v. N.C. Ins. Underwriting Ass'n*, 529 S.E.2d 676, 681 (N.C. 2000). As the district court correctly concluded, Ireifej merely made conclusory statements alleging that Travelers engaged in conduct constituting unfair or deceptive acts or practices; he did not plead facts to support those allegations as required to survive the motion to dismiss. A "formulaic recitation of

6

the elements of a cause of action," as Ireifej set forth here, "will not do." *Skyline Restoration,* 20 F.4th at 829 (quoting *Twombly*, 550 U.S. at 555).

## V.

Finally, Ireifej argues that the district court erred in denying his request to amend his complaint. We have reviewed the district court's denial for abuse of discretion, *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021), and conclude that the court did not abuse its discretion.

## VI.

The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*