**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1154

MANOULA, LLC, d/b/a China Grove Family Restaurant,

> Plaintiff – Appellant,

v.

OHIO SECURITY INSURANCE COMPANY,

> Defendant – Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:21-cv-00718-TDS-LPA)

Submitted: October 28, 2022                    Decided: December 15, 2022

Before WYNN, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Michael Doran, DORAN LAW OFFICES, Salisbury, North Carolina, for Appellant. L. Andrew Watson, Charlotte, North Carolina, Mihaela Cabulea, BUTLER WEIHMULLER KATZ CRAIG LLP, Tampa, Florida, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff-Appellant Manoula LLC, doing business as China Grove Family Restaurant, appeals the district court's order granting Defendant-Appellee Ohio Security Insurance Company's motion to dismiss Manoula's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Finding no reversible error, we affirm.

I.

Manoula operated a restaurant in Rowan County, North Carolina. During 2017, Manoula had a Commercial Lines insurance policy provided by Ohio Security. The Policy covered direct physical loss or damage to the property resulting from a covered cause, as well as loss of business income due to the necessary suspension of operations in light of the loss or damage and expenses incurred during the restoration period following the covered cause that would not have been incurred but for the covered event.

On August 24, 2017, water intrusion into the restaurant caused damage to the facility and disrupted business operations. Manoula gave notice to Ohio Security and took steps to determine the source of the water intrusion, stop further intrusion, and remediate the effects. To remediate, Manoula hired third-party contractors to excavate portions of the parking lot and interior portions of the restaurant, reconstructed areas damaged by the water intrusion, and took action to prevent further damage.

Manoula alleges that, although it submitted timely proof of the loss, Ohio Security only made partial payments and has never paid the balance due under the Policy. Manoula also alleges that, "when [it] first reported the claim to [Ohio Security]," Ohio Security's

2

representative advised Manoula that "the claim was 'fully' covered" and issued a partial payment for remediation expenses, J.A. 8,[1] but never made additional payments due. Manoula contends that Ohio Security's obligation to make additional payments became reasonably clear on or about June 26, 2018, when Manoula's representative sent Ohio Security a letter detailing the additional payments Manoula believed were due.

Manoula filed suit against Ohio Security in North Carolina Superior Court on June 25, 2021, bringing claims for breach of contract and violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"). Ohio Security removed the action to federal court, invoking diversity jurisdiction, then moved to dismiss for failure to state a claim.

On January 13, 2022, the district court granted the motion to dismiss, concluding that Manoula had failed to plead sufficient facts to state a claim under the UDTPA and that the breach-of-contract claim was time-barred. Manoula timely appealed.

II.

We review "a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo." *Skyline Restoration, Inc. v. Church Mut. Ins. Co.*, 20 F.4th 825, 829 (4th Cir. 2021). We must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient facts to 'state a claim to relief that is plausible on its

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, we apply North Carolina substantive law. *Skyline Restoration*, 20 F.4th at 829.

Manoula first argues that the district court erred in dismissing its UDTPA claim. To assert a UDTPA claim, a plaintiff must allege "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to [the] plaintiff[]." *Gray v. N.C. Ins. Underwriting Ass'n*, 529 S.E.2d 676, 681 (N.C. 2000). Here, because Manoula failed to plead sufficient facts to support the UDTPA claim, we affirm that the dismissal was proper.

Manoula also argues that the district court erred in dismissing its breach-of-contract claim as time-barred. Specifically, Manoula argues that the applicable statute of limitations for the breach-of-contract claim is North Carolina's general three-year breach-of-contract limitations period, *see* N.C. Gen. Stat. § 1-52(1), running from the date of the breach, *see Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 802 S.E.2d 888, 892 (N.C. 2017). Therefore, Manoula argues, its breach-of-contract claim, filed less than three years after the alleged breach, was timely.

However, the district court correctly concluded that a separate three-year statute of limitations, governing certain insurance policies and running from the date of the *loss*, applies here. N.C. Gen. Stat. §§ 58-44-16(f)(18), 1-52(12); *Skyline Restoration*, 20 F.4th at 830 (explaining that even though a breach-of-contract claim in North Carolina is "[g]enerally" subject to the three-year statute of limitations set out in § 1-52(1) and running from the date of the breach, the "separate" three-year limitations period for policies subject

4

to § 58-44-16 requires claims to be brought "within three years of the loss"). Thus, Manoula had three years to bring its breach-of-contract claim after the August 24, 2017, date of loss.

We therefore affirm that the district court correctly dismissed the breach-of-contract claim, brought on June 25th, 2021, as untimely.

## III.

The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*