**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1051

ANDREW KING,

       Plaintiff - Appellant,

    v.

JASON K. UTT, individually and in his capacity as agent and employee of City of New Martinsville; FRIEND ESTEP, individually and in his capacity as agent and employee of City of New Martinsville; and CITY OF NEW MARTINSVILLE, a West Virginia Political Sub-Division

       Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John P. Bailey, District Judge.  (5:21-cv-00171-JPB)

Submitted:  October 4, 2022                Decided:  January 19, 2023

Before DIAZ, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis J. Kroeck, IV, LJK LAW, PLLC, Pittsburgh, Pennsylvania, for Appellant.  Kenneth L. Hopper, PULLIN, FOWLER, FLANAGAN, BROWN & POE, Morgantown, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case began with the January 2018 arrest of Andrew King's ("Appellant") fraternal twin brother, Alexander King, for retail theft in North Versailles, Pennsylvania. During that arrest, Alexander King falsely identified himself as "Andrew King." After Alexander King's initial appearance before a magistrate judge, he was released on an unsecured bond pending his preliminary hearing. But Alexander King did not appear at the preliminary hearing.

On February 22, 2018, a judge on the Allegheny County Court of Common Pleas issued a bench warrant for Appellant for his failure to appear for the preliminary hearing. Two months later, on April 21, 2018, New Martinsville, West Virginia police officers Jason K. Utt ("Officer Utt") and Friend Estep ("Officer Estep") arrested Appellant pursuant to the bench warrant. Following his arrest, Appellant spent one night at the New Martinsville Police Department and six days at the Northern Regional Correctional Facility. Ultimately, Appellant was released once it was determined that he was not the correct individual.

In this appeal, Appellant challenges the district court's dismissal of the complaint he filed as a result of this incident. For the reasons below, we affirm.

In August 2019, Appellant filed suit in the district court for the Western District of Pennsylvania against the city of New Martinsville and New Martinsville Police Officers Utt and Estep (collectively, "Appellees"), as well as the Allegheny County Sheriff's Office, Allegheny County, a North Versailles Police Officer, and North Versailles Township (the "Allegheny County Case"). The district court for the Western District of Pennsylvania determined that it lacked personal jurisdiction over Appellees and dismissed the Allegheny

2

County Case against Appellees without prejudice.  As a result, Appellant filed this action in the Northern District of West Virginia against Appellees alleging violations of his constitutional rights.  Specifically, the complaint raises the following four federal claims for relief: (1) a claim for false arrest in violation of the Fourth Amendment; (2) a claim for wrongful incarceration in violation of the Fourteenth Amendment; (3) a claim for violation of due process of law in violation of the Fourteenth Amendment; and (4) an excessive force claim in violation of the Fourteenth Amendment.  In addition, Appellant also brings several claims pursuant to West Virginia law, including claims for: (1) negligent retention and hiring; (2) negligent training and supervision; (3) tort of outrage/intentional infliction of emotional distress; and (4) battery.

On November 1, 2021, Appellees moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The district court determined that Appellant's claims fail as a matter of law because he was arrested and detained pursuant to a facially valid warrant.  Therefore, the district court granted Appellees' motion and dismissed Appellant's complaint in its entirety.  Appellant timely filed a notice of appeal.

The crux of Appellant's claims on appeal are rooted in his contention that Appellees knew that they arrested the wrong person but nonetheless did not release him immediately. Specifically, Appellant alleges that he immediately informed Officers Utt and Estep that they should be looking for his brother, Alexander King.  According to Appellant, Officer Utt stated that he would need to take Appellant into custody but "[Appellant] had

3

permission to kick his twin brother's butt." J.A. at 7, ¶ 17.[*] Appellant also maintains that Officers Utt and Estep knew Alexander King, and as a result, they knew that Appellant and Alexander King do not look alike. In addition, Appellant asserts that Appellees knew that he was wrongfully detained because his girlfriend and his mother contacted New Martinsville and Pennsylvania officials to explain that the wrong man had been arrested.

"This Court reviews a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo." *Skyline Restoration, Inc. v. Church Mut. Ins. Co.*, 20 F.4th 825, 829 (4th Cir. 2021). "To survive a 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rockville Cars, LLC v. City of Rockville, Maryland*, 891 F.3d 141, 145 (4th Cir. 2018) (internal quotation marks omitted). Additionally, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020).

Appellant's challenge to the dismissal of his complaint centers on his contention that Officers Estep and Utt were not entitled to qualified immunity because they had actual knowledge that they were detaining the wrong person. "Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

statutory or constitutional rights of which a reasonable person would have known." *Dean ex rel. Harkness v. McKinney*, 976 F.3d 407, 413 (4th Cir. 2020). In order to overcome the qualified immunity defense, "a plaintiff must allege sufficient facts to set forth a violation of a constitutional right, and the court must conclude that this right was clearly established at the time of the alleged violation." *Sims v. Labowitz*, 885 F.3d 254, 260 (4th Cir. 2018).

With respect to Appellant's Fourth Amendment false arrest claim, the district court determined that "the question of whether [Officers] Utt and Estep violated [Appellant's] constitutional rights depends on whether they had probable cause to arrest him at the time of his arrest." J.A. 113. In reaching the conclusion that probable cause existed to arrest and detain Appellant, the district noted that "[Officers] Utt and Estep had a facially valid warrant issued by a judicial officer at the request of the [North Versailles Police Department]." *Id*. at 114. Here, to the extent that Appellant challenges the probable cause determination supporting his initial arrest and detention, any such challenge lacks merit because Appellant does not allege that Officers Utt and Estep had any involvement in obtaining the bench warrant. Instead, as Appellees point out, "Officers Utt and Estep only got involved in the tail-end of the situation involving Appellant as their first connection to this matter began only after the at-issue warrant was issued." Appellees' Br. at 21. Because Appellant has not offered any facts which call into question the state court's probable cause determination, Appellant's argument that Officers Utt and Estep violated his constitutional rights is unavailing. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 184 (4th Cir. 1996) ("Once a pretrial seizure has been rendered reasonable by virtue of a probable cause

5

determination by a neutral and detached magistrate, the continuing pretrial seizure of a criminal defendant—either by detention or by bond restrictions—is reasonable.").

To the extent that Appellant contests the dismissal of his Fourteenth Amendment wrongful incarceration claim, this claim is indistinguishable from Appellant's Fourth Amendment false arrest claim, and thus, it is subject to dismissal for the same reasons as the false arrest claim.

As for Appellant's remaining claims, we conclude that Appellant waived the dismissal of his due process, excessive force, and state law claims since he did not address any of these claims in his opening or reply brief. *See Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002) ("[W]e observe that this Court normally views contentions not raised in an opening brief to be waived."). Lastly, the district court properly dismissed Appellant's claims against the City of New Martinsville because "as there are no underlying constitutional violations by any individual, there can be no municipal liability." *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999).

Appellant also argues that the district court erred by considering materials outside the pleadings in dismissing his complaint. It is well settled that when "deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). We have also explained "[c]onsideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015); *see also E.I. du*

6

*Pont de Nemours & Co.*, 637 F.3d at 448–49 ("Such conversion is not appropriate where the parties have not had an opportunity for reasonable discovery."). However, "[c]onsideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak*, 780 F.3d at 606–07 (alterations adopted and internal quotation marks omitted). In addition, "courts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment." *Id*. at 607.

On this point, Appellant argues that the district court erred by considering matters outside of the pleadings without providing notice or an opportunity to conduct reasonable discovery. Specifically, Appellant contests the district court's consideration of two exhibits that Appellees attached to their motion to dismiss. That is, (1) the bench warrant issued by the Allegheny County Court of Common Pleas; and (2) a motion to dismiss filed by the Allegheny County Sheriff's Office (the "Allegheny County Motion") in the Allegheny County Case. We conclude that the district did not err in considering these exhibits for two reasons. First, the bench warrant is plainly integral to Appellant's claims, its authenticity is uncontested, and it is explicitly referenced in Appellant's complaint. Second, Appellant failed to offer any argument as to why the court's consideration of the Allegheny County Motion was improper. Moreover, Appellant does not dispute that both the bench warrant and the Allegheny County Motion are matters of public record, and as such, the district court was entitled to consider them without converting the motion to dismiss into a motion for summary judgment. *See Clatterbuck v. City of Charlottesville*,

7

708 F.3d 549, 557 (4th Cir. 2013) ("[C]ourts may consider relevant facts obtained from the public record, so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint.") (internal quotation marks omitted), *abrogated on other grounds by Reed v. Town of Gilbert*, 576 U.S. 155 (2015).

Accordingly, we affirm the district court's dismissal of Appellant's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*